UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Guangzhou Chaoyan Technology Co., Ltd.<br><br>*Plaintiff*,<br><br>v.<br><br>Anker Innovations Limited<br><br>*Defendant*. | Case No.: 2:25-cv-02635 |

**DECLARATION OF SHIHANG PAN IN SUPPORT OF GUANGZHOU CHAOYAN TECHNOLOGY CO., LTD.'S MOTION FOR TEMPORARY RESTRAINING ORDER**

I, Shihang Pan, declare as follows:

1. I am Marketing Director of Plaintiff Guangzhou Chaoyan Technology Co., Ltd., doing business as AOSU Official Store ("AOSU"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently thereto.

2. AOSU is an authorized seller of AOSU-branded doorbell-camera and security products in the United States.

DECLARATION OF PAN SHIHANG – 1
(Case No. 2:25-cv-02635)

POTOMAC LAW GROUP, PLLC
1448 NW Market Street, Suite 500
Seattle, Washington 98107
Tel: (202) 558-5557  Fax: (202) 318-7707

3. Amazon is AOSU's exclusive commercial channel for sales in the United States. AOSU does not have any other U.S. sales channel that can meaningfully replace access to Amazon. AOSU has continuously sold the products on Amazon since at least October 29, 2021.

4. The "AOSU" brand is a federally registered trademark for the stylized mark "AOSU," registered on September 26, 2023, as U.S. Trademark Registration No. 7,173,211 (the "AOSU Registration"). The AOSU Registration covers a wide range of consumer-electronics and security products, including webcams, electronic doorbells, video surveillance systems, motion detectors, and related devices in International Class 009. True and correct copies of the AOSU Registration information are attached hereto as **Exhibit 1**.

5. In or around December 2025, Defendant Anker Innovations Limited ("Anker") submitted trademark infringement complaints to Amazon alleging that AOSU's descriptive use of the term "HomeBase" infringed Anker's "HOMEBASE" trademark. As a direct result of these complaints, Amazon delisted multiple AOSU listings and prevented any further sales of those products on December 12, 2025, few weeks remaining before Christmas.

6. Amazon's enforcement action impacted product listings corresponding to the following ASINs: B0B3JTJFXK, B0CP7N488H, B0BVFQ7Y4V, B0DHXZFFWV, B09SFQ5V16, B0CNRDG796, B0FQ5PW8X2, B09H2T18WD, B0CNRFB9FP, B0CP7M3NF3, B0VFG1Y1LB, and B0DHXXQNBF (collectively, the "Accused Products").

7. After AOSU appealed Amazon's enforcement action, Amazon partially lifted the freeze on certain listings, including B0CNRFB9FP, B0CP7N488H, B0BVFQ7Y4V, and B0VFG1Y1LB. Amazon has continued to maintain the freeze on the remaining Accused Products.

DECLARATION OF PAN SHIHANG – 2
(Case No. 2:25-cv-02635)

POTOMAC LAW GROUP, PLLC
1448 NW Market Street, Suite 500
Seattle, Washington 98107
Tel: (202) 558-5557  Fax: (202) 318-7707

8. Under Amazon's Account Health policies, repeated intellectual-property takedowns subject sellers to escalating enforcement actions, including permanent account suspension. Because Amazon treats repeat delistings as evidence of infringement even in the absence of any judicial determination, AOSU has refrained from reinstating the partially restored listings to avoid triggering irreversible account-level penalties, including permanent suspension of its Amazon seller account. True and correct copies of Amazon's Account Health policies are attached hereto as **Exhibit 2**. The relevant policy, shown below, reflects the potential permanent suspension of AOSU's Amazon account, which states:

> *"[Y]our account may be at immediate risk of deactivation if you reach the maximum number of repeat violations for a for single policy policies in a 180-day period. The maximum number of repeat violations for a given policy may vary depending on the severity of the violation, but can be as low as two violations for higher severity violations."*

9. In the marketplace, consumers encounter AOSU's products as AOSU-branded products. AOSU does not market or promote its products using the term "HOMEBASE" as a brand, trademark, or source identifier.

10. AOSU uses the term "HomeBase" only in its ordinary, descriptive sense to refer to a functional base station, local storage hub, or system hub within a home-security system. AOSU does not use "HOMEBASE" as a trademark, brand name, or source identifier, and does not use the term to indicate product source, sponsorship, or affiliation.

11. AOSU has not adopted "HomeBase" to trade on Anker's goodwill or to confuse consumers. AOSU prominently displays its registered house mark "AOSU" on the Accused Products and in their Amazon listings. AOSU brands, packages, markets, and sells the Accused Products on Amazon exclusively under the "AOSU" brand and related marks. Where the phrase appears, AOSU uses the lowercase phrase "Wi-Fi HomeBase" only to describe product functionality, not as a source identifier.

DECLARATION OF PAN SHIHANG – 3
(Case No. 2:25-cv-02635)

POTOMAC LAW GROUP, PLLC
1448 NW Market Street, Suite 500
Seattle, Washington 98107
Tel: (202) 558-5557  Fax: (202) 318-7707

12. When consumers browse or purchase AOSU's products on Amazon, they encounter listings and packaging prominently branded with the AOSU name and stylized mark. In the ordinary course of consumer purchasing, shoppers perceive AOSU as the product brand and source. Consumers do not encounter "HomeBase" as a standalone mark or as a source identifier for the products. Examples demonstrating AOSU's descriptive use of the term "HomeBase" in connection with the Accused Products are attached hereto as **Exhibit 3**.

13. All Accused Products were delisted by Amazon on December 12, 2025. In the thirty (30) days preceding the December 12, 2025 delistings, the Accused Products generated approximately **$4,535,739** in gross sales. Since the delistings, AOSU has been losing approximately **$151,191 per day** in revenue (based on the Accused Products' gross sales during the prior thirty-day period and projected near-term sales performance: $4,535,739 ÷ 30 = $151,191). Because Amazon is AOSU's exclusive sales channel in the United States, these losses cannot be mitigated through alternative marketplaces. True and correct sales data for the Accused Products from December 6, 2025 through December 12, 2025 are attached hereto as **Exhibit 4**.

14. The delistings have caused substantial reputational and market harm. Store traffic has declined by approximately 50%, with total sessions dropping from roughly 25,000 to 12,500. Best Seller Rank ("BSR") positions for the affected products have collapsed, eliminating years of accumulated marketplace credibility, customer reviews, and algorithmic placement. These harms cannot be readily restored even if listings are later reinstated.

15. Approximately $350,000 worth of AOSU inventory is currently frozen in Amazon's fulfillment centers and cannot be retrieved or resold while the enforcement action remains in place. If the listings are not restored and the enforcement action is not lifted, Amazon

DECLARATION OF PAN SHIHANG – 4
(Case No. 2:25-cv-02635)

POTOMAC LAW GROUP, PLLC
1448 NW Market Street, Suite 500
Seattle, Washington 98107
Tel: (202) 558-5557  Fax: (202) 318-7707

will dispose of this inventory pursuant to its internal policies, resulting in permanent loss to AOSU.

16. The ongoing risk of Amazon account suspension presents an existential threat to AOSU's business. Because Amazon treats repeat IP takedowns as grounds for account termination, AOSU faces the prospect of being permanently excluded from the U.S. market without any meaningful opportunity for judicial review. The continuing daily losses, combined with reputational damage, inventory destruction, and the threat of permanent market exclusion, place AOSU at serious risk of being forced out of business absent immediate injunctive relief.

17. The term "home base" is widely used by third parties in a generic or descriptive manner to refer to home-use electronic devices and hubs. For example, AT&T has publicly used the term "Home Base" to describe certain home-use routers and connectivity devices. A true and correct copy showing AT&T's use of the term "Home Base" in connection with its home-use routers is attached hereto as **Exhibit 5**. T-Mobile has used the term "Home Base" to describe Wi-Fi-enabled devices intended for residential use. These third-party uses reflect that consumers commonly understand "home base" to refer to a category of home-based electronic equipment and a functional concept, not a single commercial source. A true and correct copy showing T-Mobile's use of the term "Home Base" in connection with its home-use Wi-Fi-enabled devices is attached hereto as **Exhibit 6**.

18. Unless Anker is enjoined from maintaining these Amazon complaints—and Amazon is able to lift the enforcement action—AOSU will continue to lose sales daily, suffer continued decline in traffic and rankings, face permanent loss of inventory, and remain under the imminent threat of account termination and permanent exclusion from the U.S. market.

DECLARATION OF PAN SHIHANG – 5
(Case No. 2:25-cv-02635)

POTOMAC LAW GROUP, PLLC
1448 NW Market Street, Suite 500
Seattle, Washington 98107
Tel: (202) 558-5557  Fax: (202) 318-7707

19. Anker's "HOMEBASE" Trademark application was filed on November 19, 2024 and registered on August 19, 2025 as U.S. Trademark Registration No. 7,902,551. A true and correct copy of Anker's "HOMEBASE" Trademark is attached hereto as **Exhibit 7.**

20. A true and correct copy of Amazon's notification to AOSU stating that multiple listings had been removed based on Anker's infringement complaint is attached hereto as **Exhibit 8**. A true and correct English translation of that notification is attached hereto as **Exhibit 9**.

21. Anker uses the term "HOMEBASE" in connection with its home-use security camera and video doorbell products to describe a central hub or base station used within a home. A true and correct copy demonstrating this use is attached hereto as **Exhibit 10**.

DECLARATION OF PAN SHIHANG – 6
(Case No. 2:25-cv-02635)

POTOMAC LAW GROUP, PLLC
1448 NW Market Street, Suite 500
Seattle, Washington 98107
Tel: (202) 558-5557  Fax: (202) 318-7707

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 22, 2025.

*/s/ Pan Shihang*

DECLARATION OF PAN SHIHANG — 6
(Case No. 2:25-cv-02635)

POTOMAC LAW GROUP, PLLC
1448 NW Market Street, Suite 500
Seattle, Washington 98107
Tel: (202) 558-5557  Fax: (202) 318-7707