UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUANGZHOU CHAOYAN TECHNOLOGY CO., LTD. a China limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ANKER INNOVATIONS LIMITED, a Hong Kong limited liability company,<br><br>Defendant. | Case No. C25-2635-RSM<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order ("TRO"). Dkt #7. Plaintiff Guangzhou Chaoyan Technology Co., Ltd., doing business as AOSU Official Store ("AOSU"), moves for an order "enjoining Defendant Anker Innovations Limited ('Anker') from maintaining Amazon complaints asserting trademark infringement against AOSU based on its 'HOMEBASE' trademark registration..." *Id*. at 5. Defendant Anker has filed a response brief. Dkt. #16. Reply briefs to TRO motions are not permitted without leave of the Court. LCR 65(b)(5). The Court declines to grant such relief in this case and will deny the stipulated motion requesting a reply brief at Dkt. #20.

Typically, for a TRO the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). However, the moving party must still make at least some showing that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id*. at 1135.

AOSU filed this case seeking trademark infringement and declaratory relief against Anker related to the two companies' sales of smart doorbell and home security products on Amazon.com. Dkt. #1. AOSU (a Chinese company) brings this action in response to Anker (a Hong Kong company)'s trademark complaints submitted to Amazon alleging that certain of AOSU's security camera and video doorbell products infringe Anker's registered trademark "HOMEBASE." *Id*. at 1–2. AOSU pleads that "Anker's actions have caused and continue to cause significant harm to AOSU as the Accused Products have been removed from the Amazon marketplace (notably, in the middle of the crucial holiday season) as the result of Anker's meritless complaints." *Id*. at 2.

AOSU submits a declaration of its marketing director, Shihang Pan, who states that "Amazon is AOSU's exclusive commercial channel for sales in the United States." Dkt. #8 at 2. According to the declaration, as a result of Anker's trademark infringement complaints, "Amazon delisted multiple AOSU listings and prevented any further sales of those products on December 12, 2025." *Id*. After AOSU used Amazon's internal appeal process, Amazon reversed course on certain listings. *Id*. The declaration goes on to state that in the 30 days preceding the December 12, 2025, delistings, "the products at issue generated approximately $4,535,739 in gross sales" and that "AOSU has been losing approximately $151,191 per day in revenue." *Id*. at 4. AOSU's marketing director declares that "[t]he delistings have caused substantial reputational and market harm." *Id*. This is apparently based on a decline in "store

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

traffic" of approximately 50% and a decline in "Best Seller Rank" positions. *Id*. AOSU also states that it will permanently lose $350,000 worth of frozen inventory held by Amazon if the listings are not restored, pursuant to Amazon's "internal policies." *Id*. at 4–5.

As the Court understands it, while it is true that AOSU may be suffering damages from the current situation, those damages can be measured in dollars. AOSU has made that explicit. Such can be awarded to AOSU at the end of this case if it prevails. AOSU has failed to present sufficient evidence of a loss of customer goodwill. AOSU has failed to explain why it can only sell its products through Amazon.com, and Anker presents evidence that AOSU sells its products on many other websites. *See* Dkt. #18 at 7. There is no basis on this record to find irreparable harm, as required for the Court to grant a TRO—or a preliminary injunction, for that matter. This alone is a proper basis to deny the Motion.

The Court also notes that some of the harm alleged is due to Amazon's internal policies, something that AOSU can, should, and apparently has addressed via Amazon's internal appeals process. Amazon is not a defendant in this case.

Given all of the above, the Court finds that it need not examine the other factors for a TRO and will deny this Motion. Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff AOSU's Motion for Temporary Restraining Order, Dkt #7, is DENIED. The Stipulated Motion at Dkt. #20 is DENIED for the reasons stated above.

DATED this 5th day of January, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3