UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUANGZHOU CHAOYAN TECHNOLOGY CO., LTD. a China limited liability company, | Case No. C25-2635-RSM |
| Plaintiff, | ORDER TRANSFERRING CASE |
| v. | |
| ANKER INNOVATIONS LIMITED, a Hong Kong limited liability company, | |
| Defendant. | |

This matter comes before the Court on Defendant Anker Innovations Limited ("Anker")'s Motion to Dismiss brought under Rules 12(b)(5), 12(b)(1), and 12(b)(6). Dkt. #39. Plaintiff Guangzhou Chaoyan Technology Co., Ltd. ("GCTC"), has filed a response brief. Dkt. #43. Neither party requests oral argument.

Anker requests, in the alternative to dismissal, that the Court "transfer the case to the Northern District of Illinois for consolidation with the pending main infringement action there." Dkt. #39 at 26. Although this is sought in the alternative, Anker begins its Motion thusly:

> This case should never have been brought before this Court. After Anker warned GCTC'S sister companies that they were infringing Anker's HOMEBASE® trademark, those sister companies asked for more time to consider the issues and provide a substantive response. But instead of doing that, GCTC raced to court that same day to file this reactive and anticipatory declaratory judgment action based on the same infringing behavior that was involved in Anker's warning. That type of forum shopping race to the court is discouraged under both the Declaratory Judgment Act and transfer rules, and this case should be dismissed or transferred to become part of the more complete direct patent and trademark infringement action pending in the Northern District of Illinois. That case

ORDER TRANSFERRING CASE - 1

> involves the entire intellectual property dispute – all of the key parties and all of the claims – rather than the small subset of the parties and issues presented here in an awkward procedural posture.

*Id.* at 7.

The instant case was filed by GCTC on December 19, 2025, with a Complaint seeking a declaratory judgment stating that it is *not* infringing Defendant Anker's trademarks.  Dkt. #1.  On December 24, 2025, Anker filed a lawsuit in the Northern District of Illinois against five companies associated with GCTC accusing GCTC of infringing the same trademarks at issue here.  *See* Dkt. #39 at 9; Dkt. #1 in Case No. 1:25-cv-15663 in United States District Court for the Northern District of Illinois.  That case also brings claims for patent infringement, unfair competition, false designation of origin, and deceptive trade practices.

Anker goes on to argue:

> There is no doubt that the case could have been brought there, as Anker has no physical presence here or there, but its goods flow through a warehouse in the Northern District of Illinois. And the factors considered in this Circuit make it clear that the transfer would be for the convenience of parties and witnesses and in the interest of justice. Most importantly, absent transfer, some issues in the exact same intellectual property dispute over infringement and validity of Anker's HOMEBASE® trademark by the same products will have to be resolved by two different courts (which raises the specter of inconsistent judgments).

Dkt. #39 at 26.

Under 28 U.S.C. § 1404, this Court has discretion to transfer this case in the interests of convenience and justice to another district in which venue would be proper.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  Specifically, Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

ORDER TRANSFERRING CASE - 2

28 U.S.C. § 1404(a).   The purpose of this statute is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Pedigo Prods., Inc. v. Kimberly-Clark Worldwide, Inc.*, No. 3:12-CV-05502-BHS, 2013 U.S. Dist. LEXIS 12690, 2013 WL 364814, at *2 (W.D. Wash. Jan. 30, 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)).

In the Ninth Circuit, district courts typically apply a nine-factor balancing test to determine whether to transfer a case under § 1404(a), examining: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, [] (8) the ease of access to sources of proof, and (9) the public policy considerations of the forum state." *Jones*, 211 F.3d at 498-99.

The Court agrees with Anker that this case could have been brought in the Northern District of Illinois and that it would be convenient for the parties to have this case transferred and possibly consolidated with the parallel action in that District.  There is a risk of inconsistent rulings if both of these cases continue before different judges.  The Plaintiff's choice of forum is given minimal weight under the circumstances here, where Anker notified GCTC of imminent litigation and Plaintiff raced to file in this District, where neither party is located and no operative facts occurred.  The Court has considered the remainder of the factors above, as well as GCTC's argument that transfer is premature, and finds that transfer is warranted at this time.

ORDER TRANSFERRING CASE - 3

Having considered the briefing and the remainder of the record, the Court FINDS and ORDERS that this matter is hereby TRANSFERRED to the United States District Court for the Northern District of Illinois for all further proceedings.

DATED this 11th day of August, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER TRANSFERRING CASE - 4