THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Guangzhou Chaoyan Technology Co., Ltd.,

*Plaintiff*,

v.

Anker Innovations Limited,

*Defendant*.

Case No. 2:25-cv-02635-RSM

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER TRANSFERRING CASE AND TO STAY TRANSFER**

NOTE ON MOTION CALENDAR:
August 21, 2026



POTOMAC LAW GROUP, PLLC
1448 NW Market Street, Suite 500
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. FACTUAL AND PROCEDURAL BACKGROUND .......... 2

A. GCTC Commenced This Action in Washington Before Anker Filed the Illinois Action .. 2

B. GCTC Has Consistently Contested Personal Jurisdiction in the Illinois Action .......... 2

III. ARGUMENT .......... 3

A. Transfer Would Submit GCTC to Personal Jurisdiction in Illinois .......... 3

B. Section 1404(a) Does Not Authorize Transfer that Deprives GCTC of Its Right to Contest Personal Jurisdiction .......... 4

C. Staying Transfer Pending Resolution of the Jurisdictional Challenge Serves Judicial Economy .......... 5

IV. CONCLUSION .......... 6




POTOMAC LAW GROUP, PLLC
1448 NW Market Street, Suite 500
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fuld v. Palestine Liberation Org.*, 606 U.S. 1 (2025) .......... 4

*General Contracting & Trading Co. v. Interpole, Inc.*, 940 F.2d 20 (1st Cir. 1991) .......... 3

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinée*, 456 U.S. 694 (1982) .......... 3

*Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987) .......... 6

*NBS Imaging Sys., Inc. v. U.S. Dist. Ct.*, 841 F.2d 297 (9th Cir. 1988) .......... 6

*Torrent Pharms. Ltd. v. Daiichi Sankyo, Inc.*, 196 F. Supp. 3d 871 (N.D. Ill. 2016) .......... 3

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) .......... 5

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980) .......... 4

**Statutes**

28 U.S.C. § 1404(a) .......... 5



POTOMAC LAW GROUP, PLLC
1448 NW Market Street, Suite 500
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

## I. INTRODUCTION

Plaintiff Guangzhou Chaoyan Technology Co., Ltd. ("GCTC") moves under Local Civil Rule 7(h) for reconsideration of the Court's August 11, 2026 Order transferring this action to the Northern District of Illinois under 28 U.S.C. § 1404(a). Dkt. #52. Specifically, GCTC requests the Court to not transfer the action to the Northern District of Illinois, where GCTC has a pending motion to dismiss for lack of personal jurisdiction (*see Anker Innovations Technology Co., Ltd. et al v. Beijing Seven Talents Technology Co., Ltd. et al*, Case No. 1:25-cv-15663 (the "Illinois Action"), Dkt. #36, 54, 59, 64), and instead allow the action to proceed here, where there is no jurisdictional dispute. GCTC further requests the Court immediately stay execution the transfer while this motion is pending.

GCTC commenced this action before defendant Anker Innovations Limited ("Anker") filed the Illinois Action. GCTC is a defendant in the Illinois Action and has consistently maintained that the Northern District of Illinois lacks personal jurisdiction over it. That challenge is presently before the Illinois court on GCTC's motion to dismiss. *See* Illinois Action, Dkt. #36, 54, 59, 64.

The transfer order places GCTC in an untenable position. If this case is transferred and GCTC must prosecute its claims in Illinois, GCTC may be deemed to have invoked the Northern District of Illinois's authority and thereby waived its personal-jurisdiction objection in the Illinois Action. Transfer of GCTC's earlier-filed case would thus materially alter the outcome of its pending defense.

This result is particularly inequitable because GCTC did not choose Illinois. Involuntarily transfer could leave GCTC with a "Hobson's choice": *either* litigate its Washington claims in a forum whose jurisdiction it disputes—risking deemed consent to jurisdiction in the Illinois Action *or* abandon those claims to preserve its jurisdictional objection. Such an inequitable result is



POTOMAC LAW GROUP, PLLC
1448 NW Market Street, Suite 500
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

contrary to § 1404(a)'s requirement that transfer be "for the convenience of parties" and "in the interest of justice."

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. GCTC Commenced This Action in Washington Before Anker Filed the Illinois Action

On December 19, 2025, GCTC filed this action (1) seeking declarations that GCTC does not infringe Anker's HOMEBASE® trademark and that the trademark is invalid, and (2) asserting Washington state law claims arising from Anker's improper invocation of Amazon's trademark-enforcement procedures. Dkt. #1, ¶¶ 20–58.

Five days later, Anker and related entities commenced the Illinois Action. Illinois Action, Dkt. #1. The Illinois Action names GCTC and four other foreign entities as defendants and includes HOMEBASE® trademark-infringement claims, patent-infringement claims, and an Illinois state law claim. *Id.*, ¶¶ 89-125; *see also id.*, Dkt. #47, ¶¶ 115-145.

### B. GCTC Has Consistently Contested Personal Jurisdiction in the Illinois Action

On March 13, 2026, GCTC and the other defendants filed a motion to dismiss challenging personal jurisdiction. Illinois Action, Dkt. #36. On July 7, 2026, the Illinois court directed plaintiffs to amend the complaint to address personal jurisdiction based on sales and deliveries into Illinois rather than "broad and generic allegations" and continued the motion until plaintiffs complied. *Id.*, Dkt. #45. The plaintiffs filed their First Amended Complaint on July 21, 2026. *Id.*, Dkt. #47.

On August 4, 2026, GCTC and the other defendants filed their Renewed Consolidated Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(6), maintaining the amended complaint does not establish personal jurisdiction. *Id.*, Dkt. #54. On August 7, 2026, the Illinois court set a briefing schedule whereby the motion will be fully briefed by September 18, 2026. *Id.*, Dkt. #59. On August 10, 2026, the Illinois court *sua sponte* stayed jurisdictional discovery pending ruling on the motion to dismiss. *Id.*, Dkt. #60.



POTOMAC LAW GROUP, PLLC
1448 NW Market Street, Suite 500
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

Thus, when this Court entered the transfer order on August 11, 2026, GCTC had a pending and fully preserved challenge to personal jurisdiction in the Northern District of Illinois.

## III. ARGUMENT

### A. Transfer Would Submit GCTC to Personal Jurisdiction in Illinois

Transfer does not merely change the geographic location of GCTC's claims; it would place GCTC before the Northern District of Illinois as a plaintiff seeking adjudication of the same HOMEBASE® trademark controversy that Anker asserted against GCTC in the later-filed Illinois Action. That directly and adversely affects GCTC's pending jurisdictional challenge.

Personal jurisdiction may be waived or consented to by a litigant's conduct. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). "The actions of the defendant may amount to a legal submission to the jurisdiction of the court, *whether voluntary or not*." *Id.* at 704-05 (emphasis added).

One recognized form of waiver occurs when a party invokes a court's jurisdiction as plaintiff concerning the same dispute and then denies that court's authority as defendant. In *General Contracting & Trading Co. v. Interpole, Inc.*, 940 F.2d 20 (1st Cir. 1991), the First Circuit held that a party challenging personal jurisdiction had submitted to that court's jurisdiction by commencing a separate action there involving the same transaction. *Id*. at 22–24. A litigant cannot "enjoy the full benefits of access to a state's courts *qua* plaintiff, while nonetheless retaining immunity from the courts' authority *qua* defendant" concerning related claims. *Id*. at 23.

The Northern District of Illinois has recognized the same principle. In *Torrent Pharms. Ltd. v. Daiichi Sankyo, Inc.*, 196 F. Supp. 3d 871, 877 (N.D. Ill. 2016), the court explained that "courts have recognized that a defendant may consent—or waive the right to object—to personal jurisdiction in a district when the defendant itself has brought suit involving the same transaction in that district *as a plaintiff*."



POTOMAC LAW GROUP, PLLC
1448 NW Market Street, Suite 500
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

That principle applies directly here. GCTC's Washington action seeks adjudication of the HOMEBASE® trademark controversy. The Illinois Action likewise asserts HOMEBASE® infringement against GCTC. Once transferred, GCTC will stand before the Northern District of Illinois not merely as a defendant objecting to jurisdiction, but simultaneously as a plaintiff invoking that same court's adjudicatory power over the same dispute. Anker will thus have a newfound basis to argue that GCTC has submitted to jurisdiction and waived its Rule 12(b)(2) challenge.

That Anker, rather than GCTC, requested transfer does not eliminate the consequence. Once the transfer is effectuated and GCTC proceeds as plaintiff in Illinois, GCTC would be asking the Northern District of Illinois to adjudicate its rights against Anker while maintaining that the same court lacks authority to adjudicate Anker's claims against GCTC. Transfer thus creates more than a change of venue "for the convenience of parties and witnesses"—it creates a significant risk that GCTC's jurisdictional defense will be deemed waived because GCTC appears as an affirmative claimant.

### B. Section 1404(a) Does Not Authorize Transfer that Deprives GCTC of Its Right to Contest Personal Jurisdiction

Personal jurisdiction protects an individual liberty interest guaranteed by the Due Process Clause. *See Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 17 (2025) ("'[T]he Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment.'") (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980)). A foreign defendant thus has the right to insist that a federal court establish a constitutionally sufficient basis for exercising authority over it before requiring the defendant to litigate.

GCTC has invoked that right in the Illinois Action, consistently maintaining that its



POTOMAC LAW GROUP, PLLC
1448 NW Market Street, Suite 500
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

contacts are insufficient to subject it to personal jurisdiction there. That issue is pending on GCTC's Renewed Motion to Dismiss. But the transfer order threatens to resolve that constitutional dispute indirectly. Rather than requiring Anker to establish personal jurisdiction from GCTC's preexisting Illinois contacts, transfer would place GCTC in Illinois as a plaintiff. The jurisdictional question would no longer be determined solely by the contacts on which Anker originally invoked the Illinois court's authority; it would be materially altered by the procedural effect of a transfer ordered at Anker's request.

Section 1404(a) was not intended to produce such a result. The Supreme Court has characterized § 1404(a) as a procedural mechanism for transfer based on convenience and efficient administration. In *Van Dusen v. Barrack*, 376 U.S. 612 (1964), the Court explained that § 1404(a) was a "federal judicial housekeeping measure … and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms." *Id*. at 636–37. The statute was not intended to allow transfer as a "forum-shopping instrument" or to alter substantive rights. *Id*. at 636-38.

This distinction is significant because GCTC did not select Illinois. GCTC filed in Washington. Anker chose Illinois for its later-filed action. Anker then requested transfer of GCTC's earlier-filed action into Anker's selected forum. The resulting "submission" to Illinois jurisdiction would arise not from GCTC's voluntary forum selection but from § 1404(a) authority exercised at the request of the party seeking to establish jurisdiction over GCTC. This Court's discretion to transfer should not be exercised to deprive GCTC of a meaningful opportunity to obtain adjudication of its jurisdictional challenge on facts existing independently of this transfer.

**C. Staying Transfer Pending Resolution of the Jurisdictional Challenge Serves Judicial Economy**

At minimum, the Court should stay implementation of the transfer while GCTC's



POTOMAC LAW GROUP, PLLC
1448 NW Market Street, Suite 500
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

jurisdictional challenge is pending. A stay would preserve the status quo without prejudicing Anker. The Illinois action is proceeding, and GCTC's challenge is before that court. A stay would not prevent adjudication of whether Illinois may exercise jurisdiction over GCTC. Instead, it would avoid creating a collateral waiver dispute. If transferred first, the parties may have to litigate not only whether GCTC had sufficient Illinois contacts when Anker filed suit but also whether GCTC's status as plaintiff in the transferred action constitutes waiver. That issue would arise solely from the sequencing of the transfer.

Allowing the Illinois court to decide personal jurisdiction first is the cleaner course. If that court finds jurisdiction based on contacts independent of this transfer, the present concern may largely disappear. If transfer is effectuated now, before resolution of the jurisdictional issue, it would create additional complications and undermine the efficiencies transfer was intended to achieve.

A stay is also necessary to preserve this Court's ability to decide this motion. Local Rule 7(h)(2) provides that a motion for reconsideration does not stay other proceedings. And transfer becomes effective when docketed in the transferee court. *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987); *see also NBS Imaging Sys., Inc. v. U.S. Dist. Ct.*, 841 F.2d 297, 298 (9th Cir. 1988) ("the docketing of a case in an out-of-circuit transferee court effectively completes a section 1404(a) transfer"). If docketed in Illinois before this motion is resolved, this Court may lose the ability to grant relief. Judicial economy thus strongly favors staying the transfer until this motion and the pending jurisdictional issue are resolved.

## IV. CONCLUSION

For the above reasons, GCTC respectfully requests the Court (1) reconsider its August 11, 2026 Order and keep this action in Washington, where there is no jurisdictional controversy, and



POTOMAC LAW GROUP, PLLC
1448 NW Market Street, Suite 500
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

(2) immediately stay transfer while this motion is pending. At minimum, GCTC requests a stay while its jurisdictional challenge is pending in Illinois. A short stay preserves the status quo, causes no prejudice to Anker, and allows the jurisdictional issue to be decided on GCTC's actual contacts—not on a procedural consequence of the transfer itself.

Dated: August 21, 2026.

*I certify that this memorandum contains 1,858 words, in compliance with the Local Civil Rules.*

**POTOMAC LAW GROUP, PLLC**
By: */s/ William D. Fisher*
William D. Fisher, WSBA No. 27475
1448 NW Market Street, Suite 500
Seattle, WA 98107
Phone: (206) 599-8888
Email: wfisher@potomaclaw.com

**ANJIE BROAD LAW FIRM**
Zhiyu Liang (admitted *pro hac vice*)
14th Floor, North Tower, Beijing Kerry Centre
No. 1 Guanghua Road
Chaoyang District, Beijing 100020, China
Phone: +86 (10) 8567-5988
Email: liangzhiyu@anjielaw.com

**YOUNGZEAL LLP**
Tianqin Zhao (admitted *pro hac vice*)
9355 John W. Elliott Dr., Suite 25555
Frisco, Texas 75033
Phone: (585) 748-3732
Email: zhao@yzlaw.com

*Attorneys for Plaintiff Guangzhou Chaoyan Technology Co., Ltd.*