UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUANGZHOU CHAOYAN TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>ANKER INNOVATIONS LIMITED,<br><br>Defendant. | Case No. C25-2635-RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's Motion for Reconsideration. Dkt. #53. On August 11, 2026, this Court ordered for this case to be transferred to the Northern District of Illinois, as related to a case involving the same issues being brought there by Defendant Anker. Dkt. #53. That case was filed five days after the instant case. *See id*. at 2. Plaintiff has filed a motion to dismiss the Illinois case, in part, based on no personal jurisdiction. *Id*. That motion is pending, with briefing set to be finished by September 18, 2026. *Id*. Plaintiff contends that transferring this case to the Northern District of Illinois creates "a 'Hobson's choice': *either* litigate its Washington claims in a forum whose jurisdiction it disputes—risking deemed consent to jurisdiction in the Illinois Action *or* abandon those claims to preserve its jurisdictional objection." *Id*. at 1 (emphasis in original). Here, Plaintiff requests that the Court keep this case or, in alternative, stay this matter until Plaintiff's jurisdictional challenge is determined in Illinois. *Id*. at 7.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.* "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2).

The Court finds that Plaintiff fails to demonstrate any manifest error or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence and fails to show good cause to set aside the Court's Order. In the Order transferring this case, the Court considered Plaintiff's ongoing personal jurisdiction arguments reiterated here. *See* Dkts. #43 at 20-21, #53. The Court found that "Plaintiff's choice of forum is given minimal weight under the circumstances here, where Anker notified [Plaintiff] GCTC of imminent litigation and Plaintiff raced to file in this District, where neither party is located and no operative facts occurred." Dkt. #52 at 3. Plaintiff disagrees with the Court's previous decision, which does not demonstrate manifest error, a new showing of facts or legal authority, or good cause. Accordingly, the Court will deny Plaintiff's request.

Having considered the instant Motion and remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Reconsideration, Dkt. #53, is DENIED.

DATED this 25th day of August, 2026.

Ricardo S. Martinez
United States District Judge